UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARGO P.[1],

           Plaintiff,

v.                                          23-CV-324 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____

## DECISION AND ORDER

Plaintiff Argo P. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 4–1. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 5–1, 6. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB"), filed on June 27, 2018, and his application for Supplemental Security Income ("SSI"), filed on March 16, 2018.[2] Tr. 217–24.[3] Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 114–15. Following the hearing, at which Plaintiff was represented by counsel, ALJ Hortensia Haaversen issued a decision finding that Plaintiff was not disabled. Tr. 12–26. On May 3, 2022, the United States District Court for the Western District of New York entered a stipulation and order remanding Plaintiff's case for further proceedings. Tr. 594–96. On May 14, 2022, the AC entered a Notice of Order of Appeals Council Remanding Case to ALJ. Tr. 598–602.

On December 8, 2022, Plaintiff appeared before ALJ Rosanne M. Dummer. Tr. 526–51. On December 22, 2022, ALJ Dummer issued a written decision finding

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he or she became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 3 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 3 are hereby denoted "Tr. __."

2

Plaintiff not disabled under the Social Security Act. Tr. 497–519. Plaintiff timely sought judicial review in this Court.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures

3

"that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R.

4

§§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

# DISCUSSION

## I. THE ALJ'S DECISION

The ALJ determined that Plaintiff had engaged in substantial gainful activity from October 2018 through March 2019, and from July 2022 through September 2022, but that, "there has been a continuous 12-month period(s) during which [Plaintiff] did not engage in substantial gainful activity." Tr. 500. The ALJ also found that Plaintiff suffered from the following severe impairments: lumbar degenerative disc disease, asthma, alcohol and cannabis abuse disorder, obesity, personality disorder, anxiety, depression, and borderline intellectual functioning. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 501.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [Plaintiff] could lift/carry twenty pounds occasionally and ten pounds frequently, sit six of eight hours, and stand/walk six of eight hours. He should not work at unprotected heights nor climb ladders/scaffolds. [Plaintiff] could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to pulmonary irritants (fumes, odors, dusts, gases, poor ventilations) and should avoid concentrated exposure to temperature extremes of heat and cold and humidity. Due to mental impairments, [Plaintiff] could understand, remember, and carry out a range of routine, repetitive type, unskilled tasks. He could sustain attention and concentration for two-hour segments of time in an eight-hour day. [Plaintiff] could interact with coworkers and supervisors for work-related and task-oriented interactions. With the public[, Plaintiff] could

> interact for brief and superficial interactions with the public (no negotiations, arbitration, etc., of a complex nature). [Plaintiff] could adapt to changes in a work setting for a range of routine, repetitive type, unskilled work. He should avoid fast pace high production goals (e.g., conveyor belt, assembly line) (i.e., Ex. 3A).

Tr. 504–05.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 517. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. Tr. 518. As such, according to the ALJ, Plaintiff had not been under a disability from January 27, 2018, his application date, through December 21, 2022, the date of the decision. Tr. 519.

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ failed to reconcile the moderate limitations opined by Janine Ippolito, Psy.D., with her ultimate RFC determination. Dkt. 4–1, at 13–16. More specifically, Plaintiff argues that the ALJ's RFC determination failed to account for Dr. Ippolito's findings that Plaintiff was moderately limited in using reason and judgment to make work-related decisions; sustaining concentration and performing a task at a consistent pace; and demonstrating awareness of normal hazards and taking appropriate precautions. *Id.* at 14–15. For the reasons that follow, Plaintiff's argument is without merit.

## III. ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56

7

(2d Cir. 2013) (summary order); *accord Schillo*, 31 F.4th at 78. But the RFC need not correspond perfectly with "any of the opinions of medical sources cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Corbiere v. Berryhill*, 760 F. App'x 54, 56 (2d Cir. 2019) (summary order). As long as the ALJ considers all the medical evidence and appropriately analyzes the medical opinions, an RFC consistent with the record is not erroneous. *See* 20 C.F.R. §§ 404.1545, 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On June 15, 2018, Dr. Ippolito completed a psychiatric evaluation, and opined, among other things, that Plaintiff was irritable, yet cooperative" and that his "manner of relating, social skills, and overall presentation was "fair to poor." Tr. 365. Dr. Ippolito further opined that Plaintiff's attention and concentration were impaired due to limited intellectual functioning. *Id.* Dr. Ippolito additionally noted that Plaintiff "has friends whom he interacts with regularly," and "keeps in touch with his children." *Id.* at 366. Dr. Ippolito determined that Plaintiff was moderately limited in understanding, remembering, or applying complex directions and instructions; using reason and judgment to make work related decisions; sustaining concentration and performing a task at a consistent pace; and demonstrating awareness of normal hazards and taking appropriate precautions.

8

*Id.* Dr. Ippolito further determined that Plaintiff was markedly limited in interacting adequately with supervisors, co-workers, and the public, and in regulating emotions, controlling behavior, and maintaining well-being. *Id.* at 367.

In finding Dr. Ippolito's opinion to be "persuasive in part," the ALJ opined that her moderate limitations were "supported by the examination findings" and "consistent with objective clinical findings in November 2022." Tr. 513 (citing Tr. 365–66, 777–84). The ALJ further opined that Dr. Ippolito's "marked limitations in interacting with others and social presentation are not supported by the overall record and are therefore not persuasive." Tr. 513.

Contrary to Plaintiff's assertion, the ALJ's RFC limitations are consistent with Dr. Ippolito's moderate limitations in using reason and judgment to make work related decisions; sustaining concentration and performing a task at a consistent pace; and demonstrating awareness of normal hazards and taking appropriate precautions. Tr. 366–67, 505. For example, the ALJ's RFC limiting Plaintiff to performing routine, repetitive, unskilled tasks is consistent with Dr. Ippolito's moderate limitation in making work-related decisions. *Gibbons Thornton v. Colvin,* 2016 WL 611041, at *3 (W.D.N.Y. Feb. 16, 2016) (finding that the consultative examiner's opinion of moderate limitations maintaining attention and concentration was "fully consistent" with an RFC for unskilled work). Additionally, the ALJ's finding that Plaintiff can sustain concentration and attention for two-hour segments is consistent with and supported by Dr. Ippolito's moderate limitation in sustaining concentration and performing a task at a consistent pace.

9

*Sewar v. Berryhill*, 2018 WL 3569934, at *2 (W.D.N.Y. Jul. 25, 2018) (ALJ's limitation that Plaintiff could maintain concentration for up to two hours at a time "sufficiently describes and accounts for moderate limitations in attention and concentration."). Finally, Dr. Ippolito's moderate limitations in demonstrating awareness of normal hazards and taking appropriate precautions is consistent with the ALJ's finding that Plaintiff should not work at unprotected heights and avoid fast-paced high production goals. *Shirback v. Comm'r of Soc. Sec.*, 2020 WL 247304, at *4 (W.D.N.Y. Jan. 15, 2020) ("[T]he ALJ's mental RFC limiting Plaintiff to simple routine work, with additional social limitations, properly accounted for the limitations in Dr. Ippolito's opinion of moderate limitations in making appropriate decisions, relating adequately with others and appropriately dealing with stress.").

In sum, the ALJ's ultimate RFC determination is consistent with and supported by Dr. Ippolito's medical source statement. *Rushford v. Kijakazi*, 2023 WL 8946622, at *2 (2d Cir. Dec. 28, 2023) (noting that it is "well established that . . . moderate limitations do not prevent individuals from performing 'unskilled work'") (quoting *Zabala v. Astrue*, 595 F.3d 402, 410–11 (2d Cir. 2010)); *Katherine R. v. Comm'r of Soc. Sec.*, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021) ("courts within this Circuit have consistently held that mild to moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work") (collecting cases); *Michael V. v. Comm'r of Soc. Sec.*, 2021 WL 4348741, at *6 (W.D.N.Y. Sep. 24, 2021) ("[T]his Court finds that the limitations that the ALJ assessed in the mental RFC clearly accommodate Dr. Ippolito's opinion that Plaintiff would be

moderately limited with appropriate decision making and appropriately dealing with stress.");

In general, a plaintiff's RFC is the most he or she can do despite their limitations. 20 C.F.R. § 416.945(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 416.945(a)(1) ("We will assess your [RFC] based on all the relevance evidence in your case record."); *see id.* § 416.946(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your [RFC]"). Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 5–1) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 4–1). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   July 18, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE